Filed 2/27/15  P. v. Sandoval CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C076536 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF13-0477, CRF13-1205, CRF14-0051) |
| v. | |
| DARION JOSIAH SANDOVAL, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Darion Josiah Sandoval asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.  We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

In case No. CRF13-0477, defendant was charged with unlawfully driving or taking a vehicle without the consent of the owner (Veh. Code, § 10851—count 1); unlawfully giving away or offering to give away, transporting, or offering or attempting to transport not more than 28.5 grams of marijuana (Health & Saf. Code, § 11360, subd. (b)—count 2); theft of property valued at not more than $950 (Pen. Code, § 484—count 3);[1] and driving a vehicle without a license (Veh. Code, § 12500, subd. (a)—count 4). Defendant was also charged in a trailing case, case No. CRM13-0620, with misdemeanor battery (Pen. Code, § 242), though this misdemeanor case was later dismissed as part of defendant's plea deal.

Defendant was thereafter charged, in case No. CRF13-1205, with receiving stolen property (§ 496, subd. (a)—count 1); driving a vehicle without a license (Veh. Code, § 12500, subd. (a)—count 2); driving with an alcoholic beverage while under 21 years of age and unaccompanied by a parent or legal guardian (Veh. Code, § 23224, subd. (a)—count 3); failing to use a distribution of light or composite beam so that glaring rays are not projected into the eyes of an oncoming driver within 500 feet (Veh. Code, § 24409, subd. (a)—count 4); driving without proof of insurance (Veh. Code, § 16028, subd. (a); count 5); and possession of not more than one ounce of marijuana (Health & Saf. Code, § 11357, subd. (b)—count 6).

Defendant pleaded no contest to unlawfully driving or taking a vehicle without the consent of the owner and theft of property valued at not more than $950 in case No. CRF13-0477, and pleaded no contest to receiving stolen property in case No. CRF13-1205. The factual basis for the pleas, as derived from the preliminary hearings in the respective cases, is as follows: On February 16, 2013, at approximately 2:40 a.m., defendant was found to be driving a vehicle that had been reported stolen, and

---

[1] Undesignated statutory references are to the Penal Code.

the registered owner later confirmed defendant did not have permission to drive the car. Defendant also had an iPhone that had no call history, photographs, or any other information on it; defendant told officers he had purchased the phone on Craigslist, but the owner of the phone reported that it had been stolen from his workplace and was valued at $600.

On May 11, 2013, at approximately 1:08 a.m., defendant was stopped for a driving infraction, and found to be driving another vehicle that had been reported stolen. Defendant told officers he was buying the car from a third party for $2,000.

On case Nos. CRF13-0477 and CRF13-1205, the trial court suspended imposition of sentencing and placed defendant on formal probation for a period of three years and, as a condition of probation, ordered defendant to be imprisoned in county jail for two concurrent 180-day periods, with credit for 132 days earned. The trial court also ordered defendant to pay statutory fines and fees.

### Case No. CRF14-0051

Thereafter, while defendant was on probation in case Nos. CRF13-0477 and CRF13-1205, he was charged in case No. CRF14-0051, with battery in which serious bodily injury was inflicted by defendant (§ 243, subd. (d)—count 1) and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)—count 2), and was alleged to be ineligible for a county jail sentence (§ 1170, subds. (f) & (h)(3)). Defendant had, on December 12, 2013, beaten a man who had called him an offensive name and thrown a bicycle at him, punching and kicking him in the head until the man was lying unconscious on the ground. Defendant subsequently posted on Facebook that he had "knocked [the victim] out."

Ultimately, defendant pleaded no contest to battery in which he inflicted serious bodily injury upon the victim. Based on this plea, defendant admitted violating his

3

probation in case Nos. CRF13-0477 and CRF13-1205 in exchange for a stipulated sentence of jail time to be served concurrent to time served for case No. CRF14-0051.

The trial court sentenced defendant to an aggregate term of four years in state prison for all three cases:  the middle term of two years in state prison for unlawfully driving or taking a vehicle without the consent of the owner in case No. CRF13-0477 to be served concurrently; the middle term of two years for receiving stolen property in case No. CRF13-1205 to be served concurrently; and the upper term of four years for battery in which serious bodily injury was inflicted by defendant in case No. CRF14-0051, also to be served concurrently.  The trial court awarded defendant presentence custody credits, and ordered him to pay statutory fines and fees and victim restitution.

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

4

## DISPOSITION

The judgment is affirmed.

           BUTZ            , J.


We concur:


      HULL            , Acting P. J.


      HOCH            , J.